**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**06-744**


**ARLENE SQUYRES, ETC.
VERSUS
OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC., ET
AL.**


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2004-5872
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**GLENN B. GREMILLION
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and
Glenn B. Gremillion, Judges.


**MOTION TO DISMISS APPEAL DENIED.**

**Terry L. Rowe
Attorney at Law
Post Office Box 3323
Lafayette, LA 70502
(337) 232-4744
COUNSEL FOR DEFENDANT/APPELLEE:**
    **Karen Kemzuro**

**Kenneth Warren DeJean
Attorney at Law
Post Office Box 4325
Lafayette, LA 70502
(337) 235-5294
COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Arlene Squyres**

**Patrick Manning Wartelle**
**Roy, Bivins, Judice, & Henke**
**Post Office Drawer Z**
**Lafayette, LA 70502**
**(337) 233-7430**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **Our Lady of Lourdes Regional Medical Center, Inc.**
   **Karen Kemzuro**
   **Monique Joseph**
   **Catherine Vaughtsteinmann**

GREMILLION, Judge.

The defendants-appellees, Our Lady of Lourdes Regional Medical Center, Inc., Monique Joseph, and Catharine Vaughtsteinmann (movers), move to dismiss the appeal of the plaintiff-appellant, Arlene Squyres, individually and on behalf of the Estate of Joseph Squyres. For the reasons given below, we deny the motion.

The plaintiff filed the instant medical malpractice action against Our Lady of Lourdes Regional Medical Center, Inc.; Karen Kemzuro, L.P.N.; Monique Joseph, L.P.N.; Catharine Vaughtsteinman, R.N.; and Dr. Barry J. Henry. In the course of this litigation, the movers filed a motion for summary judgment which the trial court granted. A judgment dismissing these parties from this case was signed by the trial court on November 28, 2005, and notice of the judgment was mailed by the clerk's office on November 30, 2005. The plaintiff filed a motion for a devolutive appeal from this judgment on December 22, 2005, and the trial court signed the order granting the appeal on January 3, 2006.

The record in this appeal was lodged in this court on June 9, 2006. On June 24, 2006, the movers filed the instant motion to dismiss the plaintiff's appeal.

The movers argue that at the time that the plaintiff filed her motion for appeal, the appeal was premature. Movers assert that the judgment appealed was only a partial, final judgment pursuant to La.Code Civ.P. art. 1915 and that the judgment was not designated as immediately appealable by the trial court pursuant to paragraph B of this article. Moreover, the movers contend that since the last remaining party defendant to this action was dismissed by a judgment signed by the trial court on May 3, 2006, notice of which was sent

2

on May 9, 2006, the appeal delays have now run as to this judgment, and therefore, the plaintiff cannot now file a timely appeal.

In pertinent part, La.Code Civ.P. art. 1915 reads:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

* * *

Furthermore, La.Code Civ.P. art. 1911 states:

Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). **An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.**

Emphasis added.

The judgment at issue in the instant motion dismissed all claims plaintiff had against movers, with prejudice. Pursuant to the above articles, the judgment was immediately appealable without the necessity of a designation by the trial court. Therefore, we hereby deny the motion to dismiss the appeal at movers' cost.

**MOTION TO DISMISS APPEAL DENIED.**

3